IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JACKIE J. JASPER                                                                                       PLAINTIFF

v.                                              NO. 4:08CV04182 BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                                 DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff, Jackie J. Jasper, has appealed the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #11)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that he was limited in his ability to work by right eye blindness, arthritis in his back, and neck problems. (Tr. 141) The Commissioner found that Plaintiff was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing and a supplemental hearing, the Administrative Law Judge[2] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through May 29, 2008, the date of his decision. (Tr. 20) On October 10, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6) Plaintiff then filed his complaint initiating this appeal. (Docket #2) After reviewing and considering the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-three years old at the time of the hearing. (Tr. 343, 363, 367) He had completed one year of college (Tr. 145) and had past relevant work as a construction worker, cashier and janitor. (Tr. 120-22, 142, 360, 381)

---

[2]The Honorable Mark S. Anderson.

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if he had a severe impairment, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing his past relevant work.  If the claimant had sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If a claimant cannot perform past relevant work, the analysis proceeds to step, that is, whether the claimant is able to make an adjustment to other work, given his age, education and work experience.  *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).

The ALJ found that Plaintiff had not engaged in substantial gainful activity on a sustained basis[3] since his alleged onset date.  (Tr. 14)  He found that Plaintiff had "severe" impairments: glaucoma, right-eye blindness, and a disorder of the back.  *Id.*  He determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing.  *Id.*  He judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of his symptoms were not totally credible.  (Tr. 17)

The ALJ found that Plaintiff retained the residual functional capacity for light work which did not require depth perception.  (Tr. 15)  Based on the testimony of a vocational expert witness responding to a hypothetical question, the ALJ found Plaintiff could perform

---

[3]The ALJ noted that Plaintiff had engaged in substantial gainful activity for seven months in 2006 and three months in 2007, but gave him the "benefit of the doubt" and proceeded with the sequential evaluation process.  (Tr. 14)  It is also worth noting that he alleged an onset of May 10, 2002 (Tr. 142), but testified that he worked until 2003 (Tr. 346, 349).

his past relevant work as a cashier, notwithstanding his limitations. (Tr. 19) Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 20)

Plaintiff contends the ALJ failed to consider his impairments in combination. (Br. 6-8) Plaintiff's point is not well taken. See *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). The ALJ's decision repeatedly refers to a "combination of impairments." (Tr. 12, 13, 14, 18) He specifically considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 13) The ALJ acknowledged that Plaintiff might experience some degree of impairment "related particularly to glaucoma, right eye blindness, and disorder of the back." (Tr. 18) He referred to Plaintiff's "impairment<u>s</u>." (Tr. 18, 19)(emphasis added.) He referred to Plaintiff's "history of glaucoma, right eye blindness, and disorder of the back." (Tr. 19) Furthermore, the ALJ discussed at some length Plaintiff's limitations of function, which are a result of his cumulative impairments. (Tr. 14-15)

Next, Plaintiff argues the ALJ did not properly assess his pain and credibility. (Br. 8-9) The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[4] (Tr. 15)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;

---

[4] The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929. (Tr. 15) That Ruling tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

      3.  precipitating and aggravating factors;

      4.  dosage, effectiveness and side effects of medication;

      5.  functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of his allegations, the lack of more treatment (especially for his back and neck pain), Plaintiff's daily activities (including working full-time during the time that he alleged that he was disabled), his functional capabilities, and the lack of greater restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, *e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff completed a Disability Supplemental Interview Outline dated November 27, 2003. (Tr. 128-32A) He indicated that he lived alone, walked (Tr. 128), prepared seven breakfasts a week and three to four suppers, cooked four to six hours three to four times a week (Tr. 129), washed clothes, raked the yard when his back was not hurting, cleaned

house, shopped for food, rode his bicycle downtown four to five times a month which took two to three hours round trip (Tr. 130), and went to church, where he was a brotherhood member, and sang in the choir seven times a month (Tr. 132). He testified that he drove and was contemplating attending school to learn about computers. (Tr. 376) Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See *Clevenger v. Social Security Administration*, 567 F.3d 971, 976 (8th Cir. 2009)(not unreasonable for ALJ to rely on array of activities, including laundry, dishes, changing sheets, ironing, preparing meals, driving, attending church and visiting friends and family, to infer assertion of disabling pain was not credible); *Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007)(plaintiff cared for eleven-year-old daughter, drove her to school, drove elsewhere, fixed simple meals, did housework, shopped for groceries and had no trouble handling money); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); *Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); *Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); *Pena v. Chater*, 76 F.3d 906, 908 (8th

Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, sometimes needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); *Woolf v. Shalala*, 3 F.3d at 1213 (plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

Plaintiff told medical personnel that he had experienced pain in his right eye for twenty years after a high school football injury. (Tr. 177, 250, 259) He worked despite that impairment for a number of years. A condition that was not disabling during working years, and which has not worsened, cannot be used to prove present disability. *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990); see also *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000)(claimant successfully employed many years with current cognitive abilities).

The visual acuity in Plaintiff's left eye was "perfect or near perfect" according to Terrell M. Hemelt, M.D., who examined him. (Tr. 178) His visual acuity in that eye repeatedly tested 20/25. (Tr. 178, 259) Dr. Hemelt thought Plaintiff was capable of sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, traveling, and understanding instructions. (Tr. 178) J. Mayne Parker, M.D., an ophthalmologist, examined Plaintiff after the first hearing.[5] (Tr. 259) He offered his opinion that Plaintiff "should be

---

[5] The ALJ incorrectly identified Dr. Parker as a treating physician. (Tr. 19) He was not. It does not appear that Plaintiff saw any physician more than once after 2003. (Tr. 158-261)

able to work and lift heavy objects, but should not climb or use moving tools or machinery. . . . With only one eye depth perception is not present." *Id.*

The ALJ's credibility analysis was proper. He utilized the proper standards, made express credibility findings and gave multiple reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d at 258; *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Accordingly, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice, this 22nd day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE